UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| |
CMS NORTH AMERICA, INC., a Michigan corporation, | Case No. 1:07-cv-824
|
Plaintiff, | HONORABLE PAUL MALONEY
|
v. |
|
DE LORENZO MARBLE & TILE, INC., a California |
corporation, |
|
Defendant. |
|

### <u>Opinion and Order</u>

**Granting Plaintiff's Motion to Remand the Case to State Court
Denying Plaintiff's Request for Attorney Fees
Terminating the Case**

On July 23, 2007, plaintiff CMS North America, Inc. ("CMS") filed the instant complaint

defendant DeLorenzo Marble & Tile, Inc. ("DeLorenzo") in the Circuit Court of Kent County,

Michigan ("the state court"), alleging that DeLorenzo has failed and refused to pay $33,245.84 that

is due on the sale of machinery, *see* Comp. ¶¶ 6-10.  CMS seeks $33,245.84 plus 18% interest per

annum (from April 19, 2006 to the present) and attorney fees and costs, *see* Comp. ¶ 10.  DeLorenzo

was served on July 25, *see* Pl.'s Br. at 1.  On August 23, DeLorenzo timely filed a notice of removal

that invoked diversity jurisdiction, as well as a counterclaim seeking over $75,000 in damages.  On

September 10, CMS filed an answer to DeLorenzo's counterclaim.

On August 28, CMS moved to remand this case to the state court and requested an award of

attorney's fees and costs for improper removal; DeLorenzo filed an opposition brief on September 10, and CMS filed a reply brief in support of its motion on September 14.  For the reasons that follow, the court will grant CMS's motion to remand but will deny its request for fees and costs.

**LEGAL STANDARD:  Removal to Federal Court**

Title 28 U.S.C. § 1441 authorizes defendants to remove cases to federal district court if there exists diversity or federal-question jurisdiction.  Section 1441 provides, in its entirety:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where the action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

Removal is proper only if federal jurisdiction existed at the time of removal, without considering subsequent events, whether caused by the plaintiff or beyond his control.  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (Griffin, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) and *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)); *see also Harnden v. Jayco, Inc.*, No. 06-1661, – F.3d –, –, 2007 WL 2176206 at *2 (6th Cir. July 31, 2007) ("'The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal.'") (quoting *Harper v. Autoalliance Int'l, Inc.*, 392 F.2d 195, 210 (6th Cir. 2004)).

The removing party bears the burden of establishing federal jurisdiction.  *Harnden*, – F.3d at –, 2007 WL 2176206 at *2 (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)); *see also Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto.") (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)).  This means that a defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy is sufficient.  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) ("A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement.") (citation omitted); *Hays v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

Significantly,  "*all doubts should be resolved against removal.*"  *Harnden*, – F.3d at –, 2007 WL 2176206 at *2 (citing *Eastman*, 438 F.3d at 549-50); *see also Province of Ontario*, 874 F.2d at 339 ("The removal petition is to be strictly construed, with all doubts resolved against removal.") (citing *Wilson v. USDA*, 584 F.2d 137, 142 (6th Cir. 1978)).  The United States Supreme Court has explained the rationale for this latter rule as follows:

> The power reserved to the [S]tates under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution.  "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Healy v. Ratta*, 292 U.S. 263, 270... *Emphasis Added*

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  In other words, removal statutes are strictly construed "to promote comity and preserve jurisdictional boundaries between state and federal courts."  *Sheridan v. New Vista, LLC*, 406 F. Supp.2d 789, 792 (W.D. Mich. 2005) (Quist, J.) (citing *Alexander v. EDS Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

-3-

## DISCUSSION

**A.      DeLorenzo Has Not Established the Requisite Amount in Controversy**

DeLorenzo bears the burden of establishing diversity jurisdiction, *Harnden*, – F.3d at –, 2007 WL 2176206 at *2, which requires more than $75,000 in controversy, exclusive of interest and costs, 28 U.S.C. § 1332(a).  It is undisputed that excluding interest and costs, the amount sought by CMS (about $33,000), Comp. ¶ 10, is insufficient to satisfy the amount-in-controversy requirement. DeLorenzo asks this court to make up the deficiency by counting the amount sought by its counterclaim.  The court declines to do so.

### 1.      There Is No Supreme Court Precedent Squarely Governing this Issue

The United States Supreme Court has never clearly decided whether damages sought by counterclaims or cross-claims should be counted in determining the amount in controversy for purposes of the modern diversity statute, 28 U.S.C. § 1332.

In *Yankaus v. Feltenstein*, 244 U.S. 127 (1917), the plaintiff filed suit in New York state court, seeking only $800, insufficient to meet the then-prevailing $3,000 statutory minimum amount in controversy for federal diversity jurisdiction.  The defendant asserted a permissive counterclaim seeking over $3,000 in damages and removed the case to federal district court on that basis.  *Id.* at 128.  The federal district court declined to count the amount sought by the counterclaim, held that the complaint did not seek the requisite $3,000, and remanded the case to state court.  The defendant ultimately appealed to the United States Supreme Court, which held that a federal district-court order remanding a case to state court is not reviewable on appeal.  *Id.* at 133.  The Supreme Court

did not address whether the amount sought by a counterclaim may ever be counted in determining the amount in controversy for purposes of diversity jurisdiction.

       2.      <u>There Is No Sixth Circuit Precedent Squarely Governing this Issue</u>

Nor has the United States Court of Appeals for the Sixth Circuit issued a decision, published or unpublished, that squarely and conclusively resolves the issue. In *Parris v. Mego Mortgage Co.*, 14 F. App'x 394 (6th Cir. 2001) (per curiam) (Jones, Suhrheinrich, & Daughtrey, JJ.), a mortgagor brought a class action against mortgagees, asserting a state-law usury claim. The defendant moved to dismiss on the ground that the plaintiff had not alleged over $75,000 in controversy, but the district court denied the motion. On appeal, the defendant contended that the district court erred by counting mortgage-loan interest charges that were presently unaccrued and unincurred that *might* accumulate over the life of a loan that contained a right-to-prepay. *Id.* at 395. The Sixth Circuit affirmed the district court's exercise of diversity jurisdiction, reasoning,

> Under the plain language of the [state usury statute], a contract usurious on its face will not be enforceable. The contract between the parties includes both the principal and the interest rate at which the principal must be repaid. Although theoretically Plaintiff could prepay all or a portion of the principal so as to avoid the entire amount of interest that would otherwise accrue over the life of the loan, prepayment is at her election, not at Defendants' election. In short, the jurisdictional amount is met in this case even without consideration of potential statutory damages or attorney's fee... because the amount contracted for is $35,000 and the interest payable [under] the terms of the agreement exceeds $60,000.

*Id.* at 396-97.

The Sixth Circuit noted that the defendant had not counterclaimed for recovery of the principal or lawful interest. The Circuit stated that even if the defendant had filed such a counterclaim, the amount sought by the counterclaim would not be counted when determining the

amount in controversy.  In other words, the counterclaim could not affect the amount sought by the complaint:  "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."  *Id.* at 397 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)).

Similarly, in *Rosen v. Chrysler Corp.*, 205 F.3d 918 (6th Cir. 2000), a class of vehicle owners/lessors sued a manufacturer under state law for common-law fraud, state statutory fraud, and negligent misrepresentation.  *Id.* at 920.  At that time the diversity statute required at least $50,000 in controversy exclusive of interest and costs.  Each plaintiff sought rescission of his approximately-$30,000 vehicle purchase, plus treble damages under state statute.  *Id.*  The district court held that it was a legal certainty that the plaintiffs could not recover more than $50,000 each, and dismissed the action for lack of subject-matter jurisdiction.  *Id.* at 921.  The Sixth Circuit reversed, holding that the district court should have counted the treble damages potentially recoverable by the plaintiffs under state statute.  *Id.* at 922 ("A trebling of rescission damages alone potentially could exceed the $50,000 amount in controversy [requirement].").  The *Rosen* panel also held that the district court committed a second error:

> [I]n cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy. * * * Thus, the District Court erred by offsetting the amended complaint's re[s]cission claim by the resale value of the [vehicle].  The amount in controversy is the full contract price paid by plaintiffs – approximately $30,000.

*Id.* at 921-22 (citing, *inter alia*, published decisions from 5th, 7th, and 9th Circuits, and *Cohen v. North Ridge Farms, Inc.*, 712 F. Supp. 1265, 1266 (E.D. Ky. 1989)).

Our Circuit's holdings in *Parris* and *Rosen* do not conclusively govern the issue before us. Our issue is not whether a counterclaim can reduce the amount in controversy below the otherwise-

-6-

sufficient amount sought by the complaint; it is whether a counterclaim can *increase* the amount in controversy above the otherwise-*insufficient* amount sought by the complaint.

Our Court of Appeals *has* issued an unpublished decision that noted a split in authority over whether counterclaims should be counted in determining the amount in controversy for diversity-jurisdiction purposes.  The panel did not conclusively take a side in the debate, however, because it was able to decide the appeal on another ground.  In *Sanford v. Gardenour*, No. 99-5504, 225 F.3d 659, 2000 WL 1033025 (6th Cir. July 17, 2000) (Kennedy, Siler, & Batchelder, JJ.), the district court granted summary judgment to the defendant on plaintiffs' sole claim, a state-law libel claim.  The plaintiffs appealed, contending *inter alia* that the district court erred by failing to remand the case for lack of subject-matter jurisdiction.  *Id.* at *1.  Before the district court, the plaintiffs had filed a remand motion representing that they were seeking less than $75,000 exclusive of interest and costs.  Thirteen days later, the same day the court denied the motion to remand, the plaintiffs filed Fed. R. Civ. P. 26 disclosures that stated, "[f]or jurisdictional purposes and their motion to remand this action to state court, the total amount of damages sought, exclusive of costs, is $74,999."  *Id.* at *2.  The plaintiffs' disclosure then stated, however, that if the case remained in federal court, they would seek over $500,000 in damages.  *Id.*

The Sixth Circuit affirmed the district court's denial of the remand motion, explaining

> We affirm the district court's determination that it had jurisdiction over the case, although we do so for different reasons.  The district court included the valuation of the counterclaim in assessing whether the amount in controversy exceeded the statutory requirements, relying on *Swallow & Associates* [*v. Henry Molded Prods., Inc.*], 794 F. Supp. at 663 [E.D. Mich. 1992].  However, as plaintiffs point out, there is a split of authority as to whether a defendant who possesses a compulsory counterclaim which satisfies the federal jurisdictional requirements may aggregate the value of his claim with the value of the plaintiff's claims to satisfy the amount in controversy [requirement] for removal jurisdiction purposes.  Wright & Miller, 14C FED. PRAC. & PROC. Juris.3d 3725 (1998).  Finally, "concern about encroaching

on a state court's right to decide cases properly before it, requires [federal courts] to construe removal jurisdiction narrowly." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (remand ordered where plaintiff stipulated her unliquidated damages would not exceed $40,000.00).

We hold that the plaintiffs are estopped from arguing their case is worth less than $75,000 by their Rule 26 disclosures.  Unlike the plaintiffs in *Adkins* [S.D. W.Va. 1995], *Oder* [S.D. Ind. 1992], or *Cole* [E.D. Ky. 1990], [plaintiffs] made no binding stipulation in their motion for remand that they would not seek or enforce a judgment in state court of less than $75,000.  In fact, in their Rule 26 disclosures, they sought in excess of $500,000 in actual and punitive damages in federal court.  Thus, by their own admission, their claim is worth more than the minimum jurisdictional amount. * * *  Therefore, the district court did not err in concluding it had jurisdiction over this case.

*Sanford*, 2000 WL 1033025 at *3 (alterations in original).  By mentioning the obligation to construe removal jurisdiction narrowly right after noting the debate over whether to include counterclaims in the amount in controversy, the *Sanford* panel may have been hinting at an inclination to exclude counterclaims from that calculation.  But the panel did not expressly take sides in that debate.

> 3.     <u>There is Little Persuasive Authority from Courts of Appeals in Sister Circuits</u>

Relatively few Courts of Appeals from other circuits have squarely addressed the issue either; panels from at least three circuits have fairly recently avoided deciding the issue.[1]

---

[1]

*See Choice Hotels Int'l, Inc. v. Shiv Hospitality, LLC*, 491 F.3d 171, 176 n.4 (**4th Cir.** 2007) ("Because the amount in controversy requirement was satisfied under Choice Hotels' complaint, we need not, and do not, address whether the amount in controversy could have been satisfied based on . . . Shiv's counterclaim. . . ."); *R.J. Jordan Oil Co. of NC, Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 (4th Cir. 2001) ("it appears, although we have not decided, that Boardman's counterclaim may not be used in calculating the amount in controversy") (citing 14B Wright & Miller, Fed. Prac. & Proc. § 3725 (3d ed. 1998) ("The traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim."));

*State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (**10th Cir.** 1998) ("We need not decide whether the value of an insufficient counterclaim can be added to the value of an insufficient claim to calculate the amount in controversy.") (finding that defendant abandoned counterclaim because it failed to specify facts underlying the claim, failed to conduct discovery

Published decisions from the First, Fifth, and D.C. Circuits tend to support plaintiff CMS's position that counterclaims must be excluded when determining the amount of controversy for diversity purposes.

In *Saint Paul Reins. Co. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), Greenberg's home, which was covered by a homeowner's policy issued by Saint Paul Reinsurance ("the company"), was destroyed by fire. *Id.* at 1251.  The company brought an action in federal district court seeking a declaration that it was not obligated to pay for the loss under the policy.  In response, Greenberg moved to dismiss for lack of subject-matter jurisdiction, noting that he was seeking only $45,500 – the $35,000 coverage limit under the policy plus $10,500 in attorney's fees under Texas insurance and deceptive trade-practices statutes – which was less than the $50,000 then required by the diversity statute, 28 U.S.C. § 1332.  *Id.* at 1252.  Greenberg also filed both a separate state-court action and a counterclaim in the federal case seeking those same sums.  *Id.*  The district court dismissed the action, and the Fifth Circuit reversed.  The Fifth Circuit reasoned that the amount in controversy was satisfied, but not by virtue of the amounts sought in Greenberg's counterclaim.  On the contrary, the Fifth Circuit held that the district court committed legal error by considering the counterclaim at all when determining the amount in controversy:

---

regarding the claim, and did not offer argument in support of the counterclaim in its summary-judgment or appellate briefs, and defense counsel conceded at appellate oral argument that the counterclaim was "somewhat trivial" and "really was calculated to allow the district court to hear the case").

*Federated Mut. Ins. Co. v. McKinnon Motors LLC*, 329 F.3d 805, 808 (**11th Cir.** 2003) ("We assume, without deciding, that Federated can meet the amount in controversy by McKinnon's [counter]claim for bad faith.  Taking this assumption into account, we turn to the question of whether Federated has satisfied its burden of proving that its claims are in excess of $75,000.  We hold that it has not.") (footnote omitted).

The district court based its determination of the amount in controversy on Greenberg's counterclaim, in which he sought only the $35,000 policy limits and attorney's fees not to exceed $10,500. *But this was error as a matter of law, given that neither this counterclaim nor Greenberg's state court petition were [sic] filed until after the filing of St. Paul's declaratory judgment complaint. Thus, neither of these pleadings may be considered in testing the amount here in controversy.*

\* \* \*

[W]e must conclude that the district court erred in dismissing St. Paul's complaint for declaratory relief for lack of subject matter jurisdiction. This error resulted from failure to include in the court's calculation the statutory damages of 18 percent per annum under the Texas Insurance Code.

*Id.* at 1254 (emphasis added). *See also Ballard's Service Ctr., Inc. v. Transue*, 865 F.2d 449, 449 (1st Cir. 1989) ("Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them."); *cf. Rosenboro v. Kim*, 994 F.2d 13, 19 n.4 (D.C. Cir. 1993) ("Kim also argues that, in analyzing whether [plaintiff]'s claims meet the jurisdictional requirement, we should consider the fact that he signed a release of all claims arising from the accident. But the presence of such a release is a defense to liability, and defenses cannot be considered in determining the amount in controversy.").

The parties have not identified any published U.S. Court of Appeals decisions holding to the contrary, i.e., that *as a general rule* the damages sought by a counterclaim may be counted to determine the amount in controversy for purposes of *removal* diversity jurisdiction. An unpublished Ninth Circuit decision appears at first blush to reach that holding, but closer scrutiny shows that it does not stand for such a general proposition. In *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Moore*, 171 F. App'x 545 (9th Cir. 2006), an arbitrator awarded exactly $75,000 to the plaintiff, and the plaintiff filed suit in federal district court to confirm the award. On appeal, the defendant contended that the district court lacked diversity jurisdiction because the arbitration award that plaintiff sought to confirm did not exceed $75,000. *Id.* at 546. The Ninth Circuit panel held that

the amount-in-controversy requirement was satisfied because the arbitrator had not only awarded $75,000 to plaintiff but also denied various counterclaims, including one for $2 million in compensatory damages. *Id.* The panel based its holding, however, on Ninth Circuit precedent that is peculiar to the arbitration-confirmation context: "the amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for the purposes of diversity jurisdiction." *Id.* (quoting *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)).

The Ninth Circuit's decisions in *Moore & Theis* are inapposite, because this is not an action to confirm or vacate an arbitration award. *Contrast Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 260 (6th Cir. 1994) (holding that diversity jurisdiction was lacking where the losing party to an arbitration merely sought to vacate an arbitration award ($30,524) that was less than the required amount in controversy ($50,000), but suggesting that amount in controversy would have been satisfied if losing party had additionally challenged the arbitrator's rejection of its multimillion-dollar counterclaims).[2]

---

[2]

The Third and Ninth Circuits have held that counterclaims may be considered in determining the amount in controversy in certain circumstances, but those circumstances are not present here. The Third Circuit wrote as follows:

> Lincoln, in answering the complaint, asserted a $675,000 compulsory counterclaim. Such counterclaims may be considered for purposes of calculating the amount in controversy. *See, e.g., Spectator Mgmt. Group v. Brown*, 131 F.3d 120, 121 (3d Cir. 1997) (holding [that] where defendant "elects not to file a motion to dismiss for lack of jurisdiction, but answers a complaint by asserting a compulsory counterclaim, the amount of that counterclaim may be considered by the court in determining if the amount in controversy exceeds the statutory requirement for diversity jurisdiction").

*Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, 153 F. App'x 93, 94 n.1 (3d Cir. 2005). *Accord Fenton v. Freedman*, 748 F.2d 1358, 1359 (9th Cir. 1984) ("In *Roberts Mining & Milling Co. v. Schrader*, 95 F.3d 522 (9th Cir. 1938), we stated that a counterclaim that exceeded the necessary amount in controversy was sufficient to bring the entire case within the jurisdiction of the district court, 'regardless of the lack of jurisdictional averments in the bill of complaint.'").

An unpublished Fourth Circuit decision allowed the damages sought by a counterclaim to "count" for purposes of the amount in controversy for diversity jurisdiction, but only under limited circumstances that are not present here. That Fourth Circuit panel expressly limited its pronouncement to a particular class of declaratory-judgment actions:

> When examining the amount in controversy in a declaratory judgment action, '[t]he amount in controversy is the pecuniary result to either party which that judgment would produce." *Government Employees Insurance Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964). * * * Here, Nutter's action is a preemptive one in contemplation of New Rents' threatened action which Nutter's first-strike action was designed to forestall. New Rents' letter threatening action demanded $50,000, referring to it as "a reduced estimate of the damages that New Rents has suffered as a result of your conduct." Additionally . . . New Rents asserted a counterclaim for the $50,000 in addition to damages for tortious interference with contract and misappropriation of trade secrets. The district court did not err in finding on this basis that the amount

_____

Unlike the Third Circuit's *Northland* and *Spectator Management* and the Ninth Circuit's *Fenton* and *Roberts,* the instant case was removed from state court rather than originally filed in federal court and so implicates federalism and comity considerations that were not present there. *See Firestone Fin. Corp. v. Syal*, 327 F. Supp.2d 809 (N.D. Ohio 2004):

> *Fenton*, however, involved a case that was originally filed in federal court as opposed to one that was there based on the federal court's removal jurisdiction. As the Third Circuit explained in *Spectacor Management Group v. Brown*, this distinction is significant because 'removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction.' Regardless of the persuasive value of *Fenton* and *Spectacor* in other contexts, they provide no support for [the] proposition that a case is properly removed if a compulsory counterclaim exceeds the amount in controversy.

*Id.* at 811 n.2 (internal citation omitted).

*Accord Al-Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F. Supp.2d 1081, 1083 (D. Minn. 1999) (holding that a compulsory counterclaim may not be used to satisfy the amount in controversy needed for a diversity removal) ("[T]he inclusion of counterclaims to meet the jurisdictional amount disturbs not only the statutes that define federal jurisdiction, but also the authority granted by Article III. The Eighth Circuit recognizes that '*diversity jurisdiction in removal cases is narrower than if the case was originally filed in federal court by the plaintiff.*'") (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992)) (emphasis added).

in controversy exceeded $50,000.

*Nutter v. Rents, Inc.*, No. 90-2493, 945 F.2d 398, 1991 WL 193490, at *4 (4th Cir. Oct. 1, 1991); *cf.*

*Foundation for Interior Design Ed. Research v. Savannah Coll. of Art & Design*, 39 F. Supp.2d 889,

894-95 (W.D. Mich. 1998) (Quist, J.) ("[T]he amount in controversy in a declaratory judgment

action may be measured by 'the pecuniary result to either party which that judgment would

produce.'") (citing *GEICO v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)), *aff'd on other grounds*, 244

F.3d 521 (6th Cir. 2001).  Even if our circuit were to adopt the *Nutter* rule, it would not govern this

case because this is not a declaratory-judgment action, and because the parties have not suggested

that CMS filed its state-law claims preemptively to forestall a threatened action by DeLorenzo.

4.     Persuasive Authority from District Courts in Our Circuit

Absent persuasive binding authority from the Supreme Court or the Sixth Circuit, then the

court examines district-court decisions within our circuit.  The majority of Sixth Circuit district

courts to confront the question have held that counterclaims should not be considered when

determining the amount in controversy for purposes of removal jurisdiction, and this court finds their

reasoning persuasive.  Judge Lesley Wells of the Northern District of Ohio has cogently explained

the reasoning that underlies the majority view,

> While district courts have taken different approaches with respect to compulsory
> counterclaims, the majority of courts have held that a federal court should not
> consider the value of a defendant's compulsory counterclaim in determining the
> amount in controversy for removal jurisdiction.  *See e.g. Flexcon Co. v. Ramirez
> Commercial Arts, Inc.*, 190 F. Supp.2d 185, 186-87 (D. Mass. 2002); *Maloan v.
> Bancorpsouth Bank, Inc.*, 2002 WL 1397266, at *2 (D. Tenn. March 29, 2002);
> *Kaplan v. Computer Sciences Corp.*, 148 F. Supp.2d 318, 320-21 (D.N.Y. 2001);
> *Independent Mach. Co. v. International Tray Pads & Packaging, Inc.*, 991 F. Supp.
> 687, 691-93 (D.N.J. 1998); 14B Wright & Miller, *Federal Practice and Procedure*
> §§ 3706 and 3725.  The Court finds the reasoning expressed in those cases . . . to be
> persuasive.

-13-

While the Sixth Circuit has not directly addressed this issue, it has referred approvingly to the traditional rule that "'no part of the required jurisdictional amount can be met by considering a defendant's counterclaim' to satisfy the amount in controversy requirement for removal jurisdiction purposes.." *Sanford v. Gardenour*, 2000 WL 1033025, at *3 (6th Cir. July 17, 2000). The Sixth Circuit has also consistently held that the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983); *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976).

Moreover, only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 . . . (1987); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Taken together these cases suggest that the amount in controversy for purposes of diversity jurisdiction, at least in the context of removal, should be determined solely by considering the plaintiff's complaint. Such a conclusion is also consistent with the U.S. Supreme Court's conclusion that the language and legislative history of Section 1441 reveals a congressional intent to restrict the removal jurisdiction of federal courts and its mandate that Section 1441 should be narrowly construed to ensure "due regard for the rightful independence of state government." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 107-109 . . . (1941); *Long v. Bando Manufacturing of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (explaining that because the removal statutes implicate federalism concerns, they are to be narrowly construed against removal) . . . .

*Firestone Fin. Corp. v. Syal*, 327 F. Supp.2d 809, 811-12 (N.D. Ohio 2004) (footnote 2 omitted)

(paragraph breaks added).

In addition, as Judge Todd of the Western District of Tennessee has explained, the removal

statute, 28 U.S.C. § 1441, provides for removal of cases in which the federal district court would

have had original jurisdiction:

When interpreting this phrase, the Sixth Circuit has on numerous occasions noted that "[g]enerally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *See, e.g., Rogers* . . ., 230 F.3d [at] 871 . . . . Whether an action could have been brought in federal court originally is determined by the amount in controversy *at the time of removal. See id.*, at 872. *Since Defendant's counterclaim was not presented before removal, [it] could*

-14-

*not be considered as part of the amount in controversy.*[3]

*Maloan*, 2002 WL 1397266 at *3 (emphasis added).  Likewise here, DeLorenzo by definition had

to remove the case to this court before filing its counterclaim in this court.  Because the counterclaim

was not present in the case before removal, considering the damages sought by the counterclaim

when determining the amount in controversy for removal diversity jurisdiction would violate the rule

that "whether an action could have been brought in federal court originally is determined by the

amount in controversy at the time of removal."  *Id.* (citing *Rogers*, 230 F.3d at 872); *see also*

*Halstead v. SouthernCare, Inc.*, No. 4:05-cv-76, 2005 WL 2261454, at *3 (W.D. Mich. Sept. 16,

2005) (Quist, J.) ("Because SouthernCare did not file its counterclaim until after removal, the

counterclaim has no bearing on the amount in controversy.") (disagreeing with *Swallow & Assocs.*

*v. Henry Molded Prods., Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992) (Newblatt, J.)).[4]

---

[3]

In *Home Life Ins. Co. v. Sipp*, 11 F.2d 474 (3d Cir. 1926), issued before the adoption of the Federal Rules of Civil Procedure, the Third Circuit wrote

> [C]ourts have said that, "when the jurisdictional amount is in question, the tendering of a counterclaim in an amount which in itself, or added to the amount claimed in the petition, makes up a sum equal to the amount necessary to the jurisdiction of this court, jurisdiction is established, whatever may be the state of the plaintiff's complaint."

*Id.* (quoting *American Sheet & Tin Plate Co. v. Winzeler*, 227 F. 321, 324 (N.D. Ohio 1915)).  Even a district court within the Third Circuit, however, recently refused to follow *Sipp*, noting that *Sipp* cited merely a district court decision as authority and that *Sipp* merely stated "courts have held . . ." rather than expressly adopting that view.  *See Windsor Mt. Joy Mut. Ins. Co. v. Johnson*, 264 F. Supp.2d 158 (D.N.J. 2003) (seeming to characterize *Sipp* statement as *dictum* and distinguishing *Sipp* on its facts).

[4]

*Cf. Glover Mach. Works v. Cooke Jellico Coal Co.*, 222 F. 531 (E.D. Ky. 1915) (at a time when the federal removal statute required $3,000 in controversy, a non-resident plaintiff who sued in state courts for less than $3,000 could not use the defendant's filing of a $3,000-plus counterclaim as a basis for removal);

Finally, the late Judge Mac Swinford of the Eastern District of Kentucky offered an additional persuasive rationale for excluding counterclaim damages from the determination of the amount in controversy in the removal context:

> [E]xamination of the statutory provisions pertaining to diversity jurisdiction furnishes an indication that it was not the intent of [C]ongress that a counterclaim be added to what was sought in the complaint to arrive at the amount in controversy. 28 U.S.C.A. § 1332(b) provides that if the plaintiff who files the case recovers less than the minimum jurisdictional amount, the costs of the action may be assessed against him.  There is no correlative provision placing liability for costs on the defendant where the case qualifies for federal jurisdiction on the basis of a counterclaim greater than the minimum jurisdictional amount.
>
> 28 U.S.C.A. § 1446(b) provides a time limitation of twenty days from the date that defendant receives the initial pleading for the filing of a petition for removal.  It also provides that where the case stated by the initial pleading is not removable, the defendant may file his petition for removal within twenty days after the receipt of an amended pleading that does state a removable case.  There is no corresponding provision for the case where federal jurisdiction requirements first appear in pleadings by the defendant.
>
> The latter section was brought to the fore in [an S.D. Iowa case], but the court held that it merely prescribed a technique for effectuating removal and was not intended to substantially modify the jurisdictional qualifications.  This court agrees that the features of this section alluded to above [28 U.S.C. § 1446] are not meant to circumscribe jurisdiction over diversity cases but they are nevertheless evidence that Congress did not contemplate that pleadings other than the complaint would determine the amount in controversy.

*Rudder v. Ohio State Life Ins. Co.*, 208 F. Supp. 577, 578-79 (E.D. Ky. 1962) (paragraph break added).

For the foregoing reasons, the court declines to consider the damages sought by DeLorenzo's

---

*Illinois Cent. R. Co. v. A. Waller & Co.*, 164 F. 358 (W.D. Ky. 1908) (at a time when the federal removal statute required $2,00 in controversy, court held that a state-court plaintiff seeking less than $2,000 does not constructively become a defendant (and thus entitled to remove) on the basis of the defendant's $2,000-plus counterclaim)..

counterclaim when determining the amount in controversy.  Looking only to the damages sought by the complaint, the court finds, to a legal certainty, that CMS cannot recover more than the required $75,000 (exclusive of interest and costs) under the claims and prayers for relief stated in its complaint alone.  Thus, this case could not have been brought originally in federal district court, and it was not eligible for removal to this court.


**B.    Nonetheless, CMS is Not Entitled to Attorney Fees and Costs**

CMS seeks an award of attorney fees and costs under 28 U.S.C. § 1447(c), which provides, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Supreme Court has held that this language imposes neither a bias in favor of remand fee awards nor a strong presumption against such awards: "The statutory language and context strike us as more evenly balanced . . . ; we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005) (Roberts, C.J., for a unanimous Court).  Instead, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin*, 546 U.S. at 139 (citations omitted); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Lit. Trust*, 491 F.3d 320, 332 (6th Cir. 2007) (citing *Martin*).

CMS asserts, "In this matter, defendant's removal action was not 'fairly supportable' as it simply assumed that it could rely on its own counterclaim to support the removal without examining the case law applicable in this circuit and district."  CMS Br. at 4-5.  That assertion is specious.

-17-

CMS did not identify any binding precedent in support of its argument that counterclaim damages should be excluded when determining the amount in controversy for purposes of removal diversity jurisdiction, nor did this court locate any.  Thus, while DeLorenzo's argument to the contrary was ultimately unsuccessful, it was certainly not objectively unreasonable (relying, as it did, on *Swallow & Associates*, 794 F. Supp. 660 (E.D. Mich. 1992), which was not appealed and has never been definitively criticized by our Court of Appeals).  *Accord Gulf-South Piling & Const., Inc. v. Traylor Bros., Inc.*, 1997 WL 332410, at *3 (E.D. La. June 12, 1997) ("Whether counterclaims should be considered for purposes of determining the jurisdictional amount is sufficient unsettled such that I find that defendants' removal petition [was] not objectively improper.").[5]

## C.    CMS's Failure to Follow Local Civil Rule 7.1(d)

DeLorenzo contends that CMS's failure to comply with Western District of Michigan Local Civil Rule 7.1 should bar consideration of the subject-matter jurisdiction issue.  The court disagrees.

---

[5]

*See also Kennedy v. Health Options, Inc.*, 329 F. Supp.2d 1314, 1319 (S.D. Fla. 2004) ("Defendant's decision to attempt removal was an objectively reasonable one where there is some basis in the law for Defendant's arguments and there is no binding Eleventh Circuit law to the contrary.  Therefore, the Court denies Plaintiff's request for attorneys' fees.") (citation omitted);

*Weigert v. Georgetown Univ.*, 43 F. Supp.2d 5, 6 (D.D.C. 1999) ("[T]here is conflicting case law on this issue throughout the federal courts, and in the absence of a decision to the contrary by the D.C. Circuit, this court is reluctant to conclude that the nonremovability of this case was obvious to the defendant.  Accordingly, the court will deny the plaintiff's motion for fees and costs.");

*Roberts v. American Nat'l Red Cross*, No. 90-6737, 1991 WL 80345, at *3 (E.D. Pa. May 13, 1991) (granting remand but denying plaintiff's request for fees and costs and stating, "Although there is a clear majority of opinion in this District holding that there is no subject matter jurisdiction in cases such as this one, the courts throughout the nation are evenly split on this subject and there is no binding precedent in this Circuit.").

-18-

W.D. MICH. L. CIV. R. 7.1(d) provides, in pertinent part, "With respect to all motions, the moving party shall ascertain whether the motion will be opposed. * * * All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule." DeLorenzo correctly points out that the word "shall" always means that the action in question is mandatory, not optional. *See, e.g., US v.v Jones*, 495 F.3d 274, 277 (6th Cir. 2007) (Ryan, Griffin, & D.J. Hood) ("The statute calls for a mandatory ('shall order') competency hearing, and there was no room for a judicial shortcut."); *Matovski v. Gonzales*, 492 F.3d 722, 736 (6th Cir. 2007) ("Likewise, the language found within 8 U.S.C. § 1154(j), 'shall remain valid', is mandatory not discretionary.").

DeLorenzo's counsel has submitted an affidavit along with its brief in opposition to remand, stating that "Counsel for . . . CMS . . . never contacted me in any way prior to the filing of the Motion to Remand." DeLorenzo Br. at 10. CMS effectively concedes that it failed to consult opposing counsel before filing the remand motion, stating that it did so belatedly, *"Since filing the motion and receiving Defendant's response*, Plaintiff has, in good faith, attempted to obtain a concurrence." CMS Reply Br. at 1 (emphasis added). Accordingly, it appears that CMS violated our Local Civil Rule 7.1(d) by failing to consult opposing counsel before filing its remand motion.

Nonetheless, the court rejects DeLorenzo's suggestion that such a violation can justify ignoring the absence of subject-matter jurisdiction. While the requirement that a court have *personal* jurisdiction is a due process right that may be waived either explicitly or implicitly, *Days Inn Worldwide v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (Griffin, J.), "*subject-matter* jurisdiction is not subject to waiver or forfeiture." *Langley v. Daimler Chrysler Corp.*, – F.3d –, –, 2007 WL 2701091, at *6 (6th Cir. Sept. 18, 2007) (emphasis added) (citing *Arbaugh v. Y & H Corp.*, 546 U.S.

-19-

500, –, 126 S.Ct. 1235, 1244 (2006)); *see also Thomas v. Miller*, 489 F.3d 293, 298 (6th Cir. 2007)

("subject matter jurisdiction cannot be created where none exists") (citation omitted).

Not surprisingly, then, it is well-established that a court may raise the issue of subject-matter

jurisdiction *sua sponte*. *See Loren v. Blue Cross & Blue Shield of Mich.*, – F.3d –, –, 2007 WL

2726704, at *7 (6th Cir. Sept. 20, 2007) ("Because the standing issue goes to this Court's subject

matter jurisdiction, it can be raised *sua sponte*.") (citation omitted); *Travelers Indem. Co. v. Bowling

Green Prof. Assocs.*, 495 F.3d 266, 271 (6th Cir. 2007) ("Neither party raised jurisdictional issues

in their appellate briefs. Nevertheless, we appropriately raised subject-matter jurisdictional issues

at oral argument . . . .") (citing *Ohio v. Doe*, 433 F,.3d 502, 506 (6th Cir. 2006)). The absence of

subject matter jurisdiction "'may be raised at any juncture because a federal court lacks authority

to hear a case without subject matter jurisdiction.'" *Klepsky v. UPS, Inc.*, 489 F.3d 264, 268 (6th Cir.

2007) (quoting *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)).

Not only *may* a court raise subject-matter jurisdiction *sua sponte*, it *must*. *Clarke v. Mindis

Metals, Inc.*, No. 95-5517, 99 F.3d 1138, 1996 WL 616677, at *3 (6th Cir. Oct. 24, 1996) ("Neither

party has raised the jurisdictional issue this case presents, but it is axiomatic that we *must* raise

issues of subject-matter jurisdiction *sua sponte*.") (emphasis added) (citing *Cmty. First Bank v. Nat'l

Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994)).

Thus, even if CMS had never filed a motion for remand, this court would have the right and

obligation to ascertain whether it had subject-matter jurisdiction. *See Page v. City of Southfield*, 45

F.3d 128, 133 (6th Cir. 1995) ("We hold, therefore, that there is a distinction in the statute [28 U.S.C.

§ 1447(c)] between defects in removal procedure, which are waived unless raised in a plaintiff's

motion within thirty days after removal, and lack of subject matter jurisdiction, which *requires* the

court to remand at any time prior to final judgment.") (emphasis added).[6]  If the filing of a remand motion is not a prerequisite for this court to consider whether there is subject-matter jurisdiction, *a fortiori* the plaintiff's compliance with a local rule in connection with the filing of such a motion cannot be a prerequisite for this court to consider the issue.  For these reasons, CMS's apparent noncompliance with Local Civil Rule 7.1(d)'s consultation requirement does not prevent this court from considering the issue of subject-matter jurisdiction and concluding that such jurisdiction is lacking.

### ORDER

For the foregoing reasons, the court **GRANTS** the plaintiff's motion to remand **[docket #6-1]** and **REMANDS** this case to the Circuit Court of Kent County, Michigan pursuant to 28 U.S.C. § 1447(d) for lack of subject-matter jurisdiction.

The court **DENIES** the plaintiff's 28 U.S.C. § 1447(c) request **[docket #6-2]** for an award of attorney's fees and costs incurred as a result of the removal.

This case is **TERMINATED.**

**This is a final order, but the portion of the order that remands this case to state court is <u>not</u> appealable.**  *See Dunch v. Nat'l Union Fire Ins. Co. of Pa.*, 43 F. App'x 918, 920 (6th Cir.

---

[6]

*See, e.g., Wilhite v. City of Richmond, Ky.*, No. 5:07-cv-111, – F. Supp.2d –, 2007 WL 2020244 (E.D. Ky. July 6, 2007) (Hood, J.) (*sua sponte* remanding case to state court and declining to rule on defendant's motion to dismiss for lack of standing and failure to state a claim);

*Spot Realty, Inc. v. Siegel*, No. 05-71229, 2005 WL 1345752, at *2 (E.D. Mich. June 2, 2005) (Cook, J.) ("In all removal actions, a federal court has the authority to *sua sponte* remand the case to a state court if it lacks subject matter jurisdiction.  Therefore, the Court will . . . continue to closely monitor this litigation to determine if it has subject matter jurisdiction over the issues in this case") (internal citation omitted).

2002) (28 U.S.C. "[s]ection 1447(d) 'prohibits review of all remand orders issued pursuant to §

1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary

writ.'") (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976)); *Sweeney v.

Nat'l Union Fire Ins. Co.*, 38 F. App'x 296, 297 (6th Cir. 2002) ("Title 28 U.S.C. § 1447(d) bars

review of remand orders to state courts when the order 'fall[s] into either category of remand order

described in § 1447(c) . . . lack of subject-matter jurisdiction or defects in removal procedure.'")

(quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).[7]

   **The portion of the order that denies the plaintiff's request for attorney fees and costs**

**is appealable.**    *See, e.g., Shafizadeh v. Bell Mobility LLC*, 189 F. App'x 410 (6th Cir. 2006)

(affirming district court's denial of plaintiff's remand fee request).

---

   [7]

   There are three exceptions to the rule that remand orders are not appealable, but none of the
exceptions applies here. First, "[a] limited exception . . . exists when a remand order is 'based on
a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction.'"
*Godsey v. Miller*, 9 F. App'x 380 (6th Cir. 2001) (per curiam) (quoting *Regis Assocs. v. Rank Hotels
(Mgmt.), Ltd.*, 894 F.3d 193, 194 (6th Cir. 1990)). That exception does not apply here, because the
instant remand order is based solely on the lack of subject-matter jurisdiction.

   Second, 28 U.S.C. § 1447(d) provides that a a party may appeal a remand order if he
removed the case from state court under the civil-rights statute 28 U.S.C. § 1443. DeLorenzo did
not remove this case from Michigan state court under that statute.

   Third, "§ 1447(d) precludes appellate review if the district court found that subject matter
jurisdiction was lacking at [the] time of removal and remanded the case on that basis. In contrast
. . . if the district court found that subject matter jurisdiction was lacking as a result of a
circumstance arising *after* removal from state court, § 1447(d) does not preclude appellate review
of the district court's remand order." *SHR Ltd. P'ship v. SWEPI, LP*, 173 F. App'x 433, 437 (6th Cir.
2006) (discussing *Davis v. Int'l Union*, 392 F.3d 834, 837 (6th Cir. 2004)); *see also DaWalt v.
Purdue Pharma, LP*, 397 F.3d 392, 401-02 (6th Cir. 2005) (clarifying how narrow this exception is).
The instant order remands the case based on this court's determination that subject matter
jurisdiction was lacking at the time of removal.

**IT IS SO ORDERED this 9th day of October 2007.**

/s/ Paul L. Maloney

_____

Honorable Paul L. Maloney
United States District Judge